## LEONILDA COLÓN, Plaintiff and Appellant, v. WORKMEN's RELIEF COMMISSION, Defendant and Appellee.

No. 3489. Argued March 25, 1925.—Decided April 6, 1925.

1. WORKMEN'S INDEMNITY—LABOR ACCIDENT—MASTER AND SERVANT—PARTNERS.—A partner has no right to indemnity for accident under the Workmen's Compensation Act.

2. ID.—ID.—ID.—ID.—The relation of partners or of master and servant depends upon the intention of the parties.

3. ID.—ID.—ID.—ID.—When two persons work together in a small business, one furnishing the capital and materials and receiving 85 per cent of the profits on the goods manufactured and the other contributing his labor and receiving $2 a day and 15 per cent of such profits the relationship is that of partners and not of master and servant.

District Court of Ponce, R. Díaz Cintrón, J.   Judgment for the defendant in an action for indemnity.   *Affirmed.*

*Martínez Nadal, Tormes & Colón* for the appellant.   The *Attorney General* and *C. Llauger Díaz* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

[1] The fundamental question in this case is whether the plaintiff's son was a partner or a laborer in the establishment where he was working at the time of the accident that caused his death.   The Workmen's Relief Commission decided that he was a partner and that, therefore, the case did not come under the Workmen's Compensation Act.   An appeal was taken to the District Court of Ponce.   After a trial that court affirmed the commission's decision and the plaintiff appealed to this court.

[2, 3] The witnesses for the plaintiff testified that Arturo Colón, the deceased, was working as a laborer and was paid $2 a day as wages by the owner of the business, Pedro Guillermo Teissonier.   The court did not believe the plaintiff's witnesses and based its judgment on the testimony of Teissonier, the only witness for the defendant. Such being the case, in the absence of reasons sufficient to show that the judge erred in adjusting the conflict in the

evidence, we will examine the said testimony in order to determine whether or not it is sufficient to support the judgment.

Teissonier testified that on or about the 3rd of December, 1923, Arturo Colón was working with him as his partner in the manufacture of firecrackers. Colón contributed nothing to the partnership. The witness furnished the materials. He says that Colón was a partner because he gave him 15 per cent of the profits. The factory was situated on lands of Manescau and he sold the firecrackers. When he was at the factory he gave orders "to everybody; when he left Arturo Colón there Colón was in charge." There were two workmen in the factory. After the firecrackers were sold he deducted the expenses and gave Colón 15 per cent of the profits. To the question "What happened at the factory?" he replied: "While Arturo Colón and I were working, his table exploded and carried mine along with it." He also testified: "While I was working at No. 110 Victoria Street a complaint was filed against José Teissonier and the captain sent for my brother and told him not to work any more in town. Thereupon I asked Manescau for a place to put a zinc roof supported by four poles to protect us from the sun and rain and went to Arturo Colón and said to him that I was going to start a factory out there and if he wished to come with me I would make him a partner and give him a certain percentage and $2 a day."

The witness finally testified that he did not pay anything to Colón because he worked only two days, and that the house where the factory was built with "some zinc sheets and four poles" was set up by them, the materials belonging to the witness.

It is also inferred from Teissonier's testimony that he and Colón had worked together previously under the same condition, Colón receiving a share of the profits.

Section 1567 of the Civil Code (Compilation of 1911, p.

776), the equivalent of section 1665 of the Spanish Civil Code, gives the following definition of a partnership:

"Partnership is a contract by which two or more persons bind themselves to contribute money, property or industry to a common fund, with the intention of dividing the profits among themselves."

In volume 11 of his commentaries, page 243, edition of 1905, Manresa expresses himself as follows:

"Therefore, according to the clear, precise and specific terms of the definition contained in the said section, the object of a partnership contract, the motive of the parties for entering into it, is the profit which they expect to make from the concurrence of their respective contributions."

And at page 257 he continues:

"In the absence of property or money, or together with them, the law recognizes the contribution of labor, that is, of an active cooperation, of work of whatever kind, by a member of the partnership.    *    *    *

"However, a partnership contract under which one of the members contributes his labor should not be mistaken for one of letting of services for hire, because, as said by Sánchez Román, in the former the laboring partner gives his work as a contribution to the partnership, with a certain character of independence and without personal subordination to the other partners, his obligation being only to the partnership; while in the latter there is a manifest subordination of the person who agrees to render certain services to the other party; and, besides, what he receives is in the nature of a salary or compensation, while a laboring partner, on the contrary, receives what share of the profits corresponds to him as partner."

Sánchez Román, cited by Manresa, adds that—

"Even if the consideration for the letting of services for hire should be a share in the profits or product of such work, it would always be necessary, in determining whether or not there is a partnership, to abide by what should appear to be the express will and manifest intention of the parties." 4 Sánchez Román, Civil Law, page 505.

According to the *Enciclopedia Jurídica Española,* volume

XXI, page 477, *locatio* (letting for hire) is a "contract of lease as regards the lessor. . . ." The object of the contract may be the lease of things, works or services, and the law designates it by the Latin word *locatio* to indicate the act of letting for hire, while the word *conductio* conveys the meaning of receiving for hire. From this are derived the Spanish words *locador* for the lessor and *conductor* for the lessee. This contract is bilateral and must have a consideration consisting of money or a share in the profits, for otherwise it would be *in commodatum.*

It is difficult to classify the particular contract under consideration. Nothing was put in writing. We can deduce the intention of the parties only from the statements of one of them. The fact that the amount of Colón's wages was fixed, the superior position of Teissonier in the management of the business, the sale of the firecrackers and the liquidation of the profits, suggest a contract for the letting of services for hire. On the other hand, the insignificance of the business, graphically shown from the description of the premises where the firecrackers were made, Teissonier's offer to Colón and his acceptance, as described by the former, and the fact that Teissonier and Colón worked together in the same place, do not exclude the idea of a partnership to which Teissonier contributed property and labor and Colón only his labor, receiving daily wages because of his poverty, even though Teissonier appears as a man of greater means and initiative than Colón and as the real head of the enterprise. When partnerships are made those partners who have to do active work are generally assigned salaries and this does not change their status as partners.

Under these circumstances, the commission and the district court having in turn concluded that there was a partnership, we do not feel inclined to interfere with that conclusion in the absence of a strong showing that it is erroneous.

· The jurisprudence cited by the appellant is not applicable. This is not a case of a stockholder or director of a corporation who is independently engaged by the corporation to do a certain work for a compensation. Here two men with experience in the manufacture of firecrackers made a partnership for starting a new business, one of them contributing the material and both their personal labor. The partner who contributed only his work was to receive $2 a day, while the one contributing property and labor should receive 85 per cent of the profits, the balance being for the former.

Perhaps it may be well to say that this case is entirely different from that of laborers in sugar factories to whom the corporations, at their pleasure, give a bonus at the end of the grinding season in accordance with the profits, and that, therefore, the jurisprudence established in affirming the judgment appealed from does not have the scope suggested by the appellant's attorney at the hearing.

The judgment appealed from must be affirmed.